**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4059**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MAURICE DWIGHT TOXEY,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. James C. Dever III, District Judge. (2:21-cr-00010-D-1)

─────────────

Submitted: December 20, 2022               Decided: December 22, 2022

─────────────

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Elisa Cyre Salmon, SALMON LAW FIRM, LLP, Lillington, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Dwight Toxey pled guilty, pursuant to a written plea agreement, to two counts of cocaine distribution, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Toxey as a career offender to 144 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Toxey's sentence is reasonable. In a pro se supplemental brief, Toxey similarly challenges the reasonableness of his sentence. The Government moves to dismiss the appeal pursuant to the appeal waiver in Toxey's plea agreement. We affirm in part and dismiss in part.

"We review an [appeal] waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appeal waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Toxey was competent to enter a plea, that he knowingly and intelligently waived his right to appeal, and that his challenge to his sentence falls squarely within the scope of the appeal waiver. Moreover, contrary to

2

counsel's contention, the Government timely filed its motion to dismiss. *See* 4th Cir. R. 27(f)(2). Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope, including the sentencing challenges raised by Toxey and *Anders* counsel.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Toxey's valid appeal waiver. We therefore deny the Government's motion in part and affirm the remainder of the criminal judgment. This court requires that counsel inform Toxey, in writing, of the right to petition the Supreme Court of the United States for further review. If Toxey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Toxey.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*